Dear Mr. Smith:
You have requested an opinion of the Attorney General's Office regarding the conditions necessitating Physician's Emergency Certificates and Coroner's Emergency Certificates for involuntarily hospitalized pre-age 16 minors with consenting parents.
The Louisiana Children's Code sets forth in Chapters 7 (Emergency Certificate Admission Procedure), 8 (Protective Custody), and 9 (Judicial Commitment Procedure) certain occasions in which the issuance of Physician's Emergency Certificates and Coroner's Emergency Certificates are appropriate.
In response to your first inquiry, your interpretation of Articles 1460, 1462, and 1463 are substantially correct in that when a parent, guardian or interested adult arranges for and consents to the hospitalization of a minor, there is no
requirement for a Physician's Emergency Certificate and Coroner's Emergency Certificate, except in the instance where the minor is sixteen years of age or older and objects to his admission. Article 1462.
Your second inquiry deals with the hospitalization of a minor child, by the parents, for reasons of mental illness and/or substance abuse. You ask when a Coroner's Emergency Certificate is required for a pre-age 16 minor whose parent, guardian or responsible adult consents to hospitalization. Chapter 10 of the Children's Code provides for parental admission of a minor for reasons of mental illness or substance abuse.
We restate your specific inquiries as follows:
 2a. In those cases of minors less than age 16, with consenting parents, is there a requirement that a Physician's Emergency Certificate and an affirming Coroner's Emergency Certificate be written simply because law enforcement officers aided the parental admission by providing supervised transportation, pursuant to an Order of Protective Custody?
Response to 2a — No. If a law enforcement officer aids consenting parents with the minor's admission pursuant to Chapter 10 of the Children's Code, governing Parental Admission, only a Physician's Certificate need issue pursuant to Article 1463. Further, in this instance, a Coroner's Emergency Certificate is not required.
 2b. In the same general scenario with the pre-age 16 minor, if the parent were to be able to independently secure law enforcement cooperation, pursuant to Article 1433, due to the officer/departments knowledge of the minor's behavior or condition, and successfully request transportation assistance to the hospital — would that be legal and appropriate without an Order of Protective Custody or a request for an Emergency Certificate completed by the police officer?
Response to 2b — Yes, based on our interpretation of Article 1433 and the Articles governing parental admission in Chapter 10. If the parent were to be able to independently secure law enforcement cooperation, due to an officer's knowledge of the minor's behavior or condition and successfully request transportation assistance to the hospital, this action would be legal and appropriate without an Order of Protective Custody or a request for an Emergency Certificate.
 2c. Again in the pre-age 16 scenario, would transportation by a law enforcement officer constitute an Emergency Certificate, regardless of whether in writing, which would then activate the provisions of Chapter 8 instead of Chapter 10?
Response to 2(c) — No. Mere transportation by a law enforcement officer does not constitute an "emergency certification."
 2d. Again in the same pre-age 16 scenario, would the answer to 2b above be the same if the peace officer had no first hand observation of dangerous behavior or grave disability but was simply responding to the parent's request in light of the minor's record of behavior?
Response to 2(d) — Article 1433 empowers a peace officer to take the minor into protective custody based upon the officer's "personal observation"; accordingly, we conclude the officer must in fact witness the minor's behavior which necessitates protective custody.
In general, it is the opinion of this office that a Coroner's Emergency Certificate is not required for a pre-age 16 minor whose parent, guardian or responsible adult consents to the hospitalization unless that admission is pursuant to an Order of Protective Custody wherein the minor shall be examined immediately by the coroner. See Article 1432.
A separate question arises in deciding whether to issue an Order of Protective Custody for a minor child. You specifically request an illustration or fact situation in which an indigent or mentally ill or substance abusing minor would not meet the definition of "grave disability" under Article 1432. We refrain from speculating on this point, as this determination is fact-sensitive, and must be reviewed on a case-by-case basis.
We trust this to be of sufficient information. Please advise if we may be of further assistance.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Mr. Mike Smith Administrator Office of the Caddo Parish Coroner 1704 Market Street Shreveport, LA 71101
Date Received: April 27, 1994
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL